IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACE HARDWARE CORPORATION, )<br>  )<br>  Plaintiff, )<br>  )<br>v. )<br>  )<br>CELEBRATION ACE HARDWARE, )<br>LLC, et al., )<br>  )<br>  Defendants. ) | Misc. Action No. 09-109-SLR<br><br>(Civ. No. 09 cv 66)<br>(Case Pending in the N. Dist. of Ill.) |

**MEMORANDUM ORDER**

At Wilmington this 28th day of August, 2009, having considered defendant Sherri Devito's motion to quash;

IT IS ORDERED that the motion is denied without prejudice, with leave to renew, for the reasons that follow:

1. **Introduction.** Sherri Devito ("Devito") has filed a motion to quash a subpoena served upon non-party Delaware Sterling Bank & Trust Company ("Delaware Sterling").[1] Devito did not provide the court with a copy of the subpoena. At the time the motion was filed Devito proceeded pro se. Court filings indicate she is now represented by counsel. (*Ace Hardware Corp. v. Celebration Ace Hardware, LLC*, Civ. No. 09 cv 66, D.I. 56 (N.D. Ill.)  Plaintiff Ace Hardware Corporation ("plaintiff") did not respond to the motion.

2. **Background.** On January 6, 2009, plaintiff filed a complaint for breach of contract and to enforce personal guaranties against Celebration Ace Hardware, LLC

---

[1] At times, the bank is referred to as the Delaware Savings Bank & Trust Company.

("Celebration Ace"), Devito, Davie Micale, Carole Micale, Deanna Benetti, Matthew Benetti, and the Devito Revocable Trust ("the Trust") (collectively "defendants") in the United States District Court for the Northern District of Illinois Eastern Division.[2] (*Ace Hardware Corp.*, No. 09 cv 66, D.I. 1) On April 28, 2009, judgment was entered in favor of plaintiff and against defendants Celebration Ace and the Trust. (*Id.* at D.I. 35) On May 19, 2009, Delaware Sterling was served with a subpoena.

3. **Standing**. Devito contends that she has standing to quash the subpoena inasmuch as Delaware Sterling "was provided documents pursuant to a private trust agreement and serves pursuant to a private agreement." (D.I. 1) She "desires" to maintain the privacy of the documents and the privacy of the trust instrument. (*Id.*)

4. Generally, a motion to quash or modify a subpoena must be brought by the individual to whom it was directed. *See Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). The exception to this general rule is that a party to an action has standing to quash or modify a non-party subpoena where the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information. *Id.* Here, Devito assert a personal privilege with respect to trust documents. Personal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial institutions holding such information. *See Schmulovich v. 1161 Rt. 9 LLC,* Civ. No. 07-597(FLW), 2008 WL 4572537, at *1 (D.N.J. Oct. 14, 2008) (citations omitted). Based upon

---

[2]Carole Micale was dismissed as a defendant on June 11, 2009. (*Ace Hardware Corp.*, Civ. No. 09 cv 66, D.I. 45)

Devito's representations, to the court it appears that Devito may have standing to move to quash the subpoena.

5. **Discussion**. The court was not provided with a copy of the subpoena at issue. Hence, it cannot determine if the subpoena issued out of this district. Devito argues that the subpoena was served upon Delaware Sterling, but that it was not properly served, it seeks confidential, private, privileged or protected information and irrelevant material, is overly broad, and unduly burdensome.[3] Again, the court cannot consider Devito's arguments without reviewing the subpoena. Accordingly, the court will deny Devito's motion without prejudice, with leave to renew.

5. **Conclusion**. The motion to quash subpoena is denied without prejudice with leave to renew. (D.I. 1)  Devito shall file with the court a copy of the subpoena at issue within **ten (10) days** from the date of this order. Responses shall be filed in accordance with the Federal Rules of Civil Procedure and the Local Rules of this court. If a copy of the subpoena is not timely filed, the court will close this case.

6. The clerk of court is directed to send a copy of this order to: (1) the address provided by Devito; (2) David J. Fish, Esquire, The Fish Law Firm, P.C., 1770 North Park St., Suite 202, Naperville, IL 60563; (3) Thomas Edward Pryor, Jr., Esquire, Thomas E. Pryor, Jr., P.A., P. O. Box 2888, Orlando, FL 32802; and (4) Eric D. Kaplan

---

[3]It may be that, pursuant to Fed. R. Civ. P. 45, the motion to quash was not timely. Timeliness means within the specified compliance period, so long as that period is of reasonable duration. *City of t. Petersburg v. Total Containment, Inc.,* Misc. No. 07-191, 06-20953-CIV-LENARD, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (citations omitted). Whether Devito's motion was timely filed cannot be determined without reviewing the subpoena.

3

and Christopher S. Wunder, Esquires, Kaplan Papadakis & Gournis, P.C., 180 North LaSalle St., Suite 2109, Chicago, IL 60601.

                                                                                      _____
                                                                                      UNITED STATES DISTRICT JUDGE