IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ACE HARDWARE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | Misc. Action No. 09-109-SLR |
| | ) | |
| v. | ) | (Civ. No. 09 cv 66) |
| | ) | (Case Pending in the N. Dist. of Ill.) |
| CELEBRATION ACE HARDWARE, | ) | |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of October, 2009, having considered defendant Sherri

Devito's motion to quash;

IT IS ORDERED that the motion is granted, for the reasons that follow:

1. **Introduction**.  Sherri Devito ("Devito") has filed a motion to quash a

subpoena served upon non-party Delaware Sterling Bank & Trust Company ("Delaware

Sterling"), Newark, Delaware, and issued out of the United States District Court for the

District of Delaware.[1]  The subpoena seeks documents related to litigation in the United

States District Court for the Northern District of Illinois Eastern Division.  The Northern

Illinois District Court has jurisdiction pursuant to 28 U.S.C. § 1332.

2. At the time she filed the motion, Devito proceeded pro se.  She is now

represented by counsel.  (*See Ace Hardware Corp. v. Celebration Ace Hardware, LLC*,

Civ. No. 09 cv 66, D.I. 56 (N.D. Ill.))  The motion is before this court pursuant to Fed. R.

---

[1]At times, the bank is referred to as the Delaware Savings Bank & Trust Company.  It's city as listed in the Yellow Pages is Newark, Delaware while the subpoena lists Christiana, Delaware.

Civ. P. 45.  Plaintiff Ace Hardware Corporation ("plaintiff") did not respond to the motion.  Nor did Delaware Sterling object to the subpoena.

3. **Background**.  On January 6, 2009, plaintiff filed a complaint for breach of contract and to enforce personal guaranties against Celebration Ace Hardware, LLC ("Celebration Ace"), Devito, Davie Micale, Carole Micale, Deanna Benetti, Matthew Benetti, and the Devito Revocable Trust ("the Trust") (collectively "defendants") in the United States District Court for the Northern District of Illinois Eastern Division.[2]  (*Ace Hardware Corp.,* No. 09 cv 66, D.I. 1)  On April 28, 2009, judgment was entered in favor of plaintiff and against defendants Celebration Ace and the Trust.  (*Id.* at D.I. 35)  According to the face of the subpoena, Delaware Sterling was served on May 19, 2009.[3]  Devito filed a motion to quash the subpoena on July 8, 2009.  (D.I. 1)  Because she did not provide the court with a copy of the subpoena, the court ordered her to submit a copy for the court's review.  (D.I. 2)  A copy of the subpoena was filed on September 14, 2009.  (D.I. 3)

4.  The subpoena issued from this district and is directed to Delaware Sterling.  It requires the production of "all documents in [its] possession from 2006 through the present relating to the Devito Revocable Trust which, upon information and belief, has as its co-trustees:  Dominick Devito, Jr. and Sherri Devito."  (D.I. 3)  The subpoena

---

[2]Carole Micale was dismissed as a defendant on June 11, 2009.  (*Ace Hardware Corp.,* Civ. No. 09 cv 66, D.I. 45)

[3]Rule 45 requires personal service.  Fed. R. Civ. P. 45(b)(1).  The proof of service does not indicate how the subpoena was served, only that it was served on May 19, 2009, the same day that it issued.  Devito states in her motion that Delaware Sterling was not personally served.  (D.I. 1, ¶ 3)

requires the production of documents at the Fish Law Firm in Naperville, Illinois, on

June 3, 2009, at 4:00 p.m.[4]   (*Id.*)   The subpoena is stamped "received May 26, 2009

records services."

5. **Standard of Review**.  A subpoena must include the name of the person to

whom it is directed to produce and permit inspection and copying of designated

documents.  Fed. R. Civ. P. 45(a)(1)(A)(iii); *Highland Tank & Mfg. Co. v. PS Int'l, Inc.*

227 F.R.D. 374, 379 (W.D. Pa. 2005).  A subpoena for production or inspection of

documents must issue from the court for the district where the production or inspection

is to be made.  Fed. R. Civ. P. 45(a)(2)(C).  "If the subpoena commands the production

of documents, electronically stored information, or tangible things or the inspection of

premises before trial, then before it is served, a notice must be served on each party."

Fed. R. Civ. P. 45(b)(1).

6. Rule 45 requires that a motion to quash must be "timely filed."  Fed. R. Civ. P.

45(c)(3)(A).  "Timely" is not defined in Rule 45.  The phrase "timely" was adopted in

1991 and replaced the previous formulation, "promptly and in any event at or before the

time specified in the subpoena for compliance therewith."  *Nova Biomedical Corp. v. i-*

*STAT Corp.*, 182 F.R.D. 419, 422 (S.D.N.Y. 1998).  Some courts have held that "a

motion to quash must be made at or before the time of compliance."  *Flagstar Bank,*

*FSB v. Freestar Bank, N.A.*, Civ. No. 09 C 1941, 2009 WL 2706965, at *3 (N.D. Ill. Aug.

25, 2009) (citations omitted); *Innomed Labs, LLC v. Alza Corp.*, 211 F.R.D. 237, 240

(S.D.N.Y. 2002) (noting that in the absence of a definition of "timely" in Rule 45, "it is

---

[4]This law firm represents plaintiff.

reasonable to assume that the motion to quash should be brought before the noticed date of the scheduled deposition"). Others have found that timeliness means within the specified compliance period, so long as that period is of reasonable duration. *City of St. Petersburg v. Total Containment, Inc.,* Misc. No. 07-191, 06-20953-CIV-LENARD, 2008 WL 1995298, at *2 (E.D. Pa. May 5, 2008) (citations omitted).

7. **Court's Discretion**. The district court has discretion whether to quash or modify a subpoena. *Wedgewood Vill. Pharmacy, Inc. v. United States*, 421 F.3d 263, 268 n.5 (3d Cir. 2005); *Connaught Laboratories, Inc. v. SmithKline Beecham P.L.C.,* 7 F. Supp. 2d 477, 480 (D. Del. 1998). Courts have exercised their discretion to consider motions to quash that were not "timely" filed within the meaning of Rule 45. *See Ireh v. Nassau Univ. Med. Ctr.,* Civ. No. 06-09(LDW)(AKT), 2008 WL 4283344, at *3 (E.D.N.Y. Sept. 17, 2008) (citations omitted).

8. In the instant case, the subpoena was issued on May 19, 2009, commanding Delaware Sterling to produce the requested documents by June 3, 2009. Devito filed the motion to quash on July 8, 2009, over one month after compliance was due. Plaintiff did not file an objection to Devito's motion. In viewing the subpoena the court cannot discern whether Devito or other parties were given notice of the subpoena before it was served as required by Rule 45(b)(1). Devito states in her motion that the parties were not given notice. She indicates that it was Delaware Sterling who provided her with a copy of the subpoena. As discussed below, the subpoena is invalid on its face, and also requires production of the documents at a location more than one hundred miles from Delaware Sterling's place of business, one of the enumerated

4

grounds for quashing a subpoena. Fed. R. Civ. P. 45(c)(3)(A)(i). It does not appear that Delaware Sterling had produced the requested documents as of the date the motion to quash was filed. Give the foregoing, the court exercises its discretion and will consider the merits of Devito's motion to quash.

9. **Standing**. Devito contends that she has standing to quash the subpoena inasmuch as Delaware Sterling "was provided documents pursuant to a private trust agreement and serves pursuant to a private agreement." (D.I. 1) She "desires" to maintain the privacy of the documents and the privacy of the trust instrument. (*Id.*) While a motion to quash or modify a subpoena, in general, must be brought by the individual to whom it was directed, there is an exception that provides a party standing to an action to quash or modify a non-party subpoena when the party seeking to quash or modify the subpoena claims a privilege or privacy interest in the subpoenaed information. *See Thomas v. Marina Associates.,* 202 F.R.D. 433, 434-435 (E.D. Pa. 2001). Here, Devito assert a personal privilege with respect to trust documents. Personal rights claimed with respect to bank account records give a party sufficient standing to challenge third-party subpoenas served upon financial institutions holding such information. *Schmulovich v. 1161 Rt. 9 LLC,* Civ. No. 07-597(FLW), 2008 WL 4572537, at *4 (D.N.J. Oct. 14, 2008) (citations omitted). Indeed, the subpoena seeks documents relating to the Devito Revocable Trust and Devito, of which Devito is a co-trustee. Accordingly, the court finds that Devito has standing to move to quash the subpoena served on Delaware Sterling.

5

10. **Discussion**. Having examined the subpoena, the court finds it is facially

defective for a number of reasons. The subpoena issued from this district to an entity

located in this district, but requires the production of documents in Illinois. Hence, the

place of production is outside this district. The Third Circuit has stated that when a

subpoena calls only for the "production or inspection" of documents "'[p]roduction'

refers to the delivery of documents, not their retrieval." *Hay Group, Inc. v. E.B.S.*

*Aquisition Corp.*, 360 F.3d 404, 412 (3d Cir. 2004). "[T]herefore 'the district in which the

production . . . is to be made' is not the district in which the documents are housed but

the district in which the subpoenaed party is required to turn them over." *Id.*; *accord*

*Monsanto Co. v. Victory Wholesale Grocers*, Misc. No. 08-134DRHWDW, 2008 WL

2066449, at *3 (E.D.N.Y. May 14, 2008); *Falicia v. Advanced Tenant Services, Inc.*, 235

F.R.D. 5, 10-11 (D.D.C. 2006). This means that, "in order to assure production of

documents from a nonparty witness, the subpoena should command production in the

district court where the witness resides or where the headquarters of the witness are

located." *Highland Tank*, 227 F.R.D. at 379.

11. The subpoena issued in this case is void or invalid on its face under Rule 45

because this court cannot compel the return of documents outside its jurisdiction. *See*

*Burks v. Fulmer Helmets, Inc.*, Civ. No. 2:08-CV-28-A-A, 2009 WL 742723, at *1-2 (N.

D. Miss. Mar. 17, 2009); *Hickman v. Hocking*, Civ. No. 07-829-JPG, 2009 WL 35283, at

*1-2 (S.D. Ill. Jan. 6, 2009) (district court quashed subpoena duces tecum issued from

court when the place of production was outside the district); *Doe I v. Pauliewalnuts*,

Misc. No. 08-001, 2008 WL 4326473, at *2 (W.D. Va. Sept. 19, 2008); *American Nat's.*

6

*Co. v. RBS Citizens, N.A.*, Misc. No. 08-70S, 2008 WL 3992786, at *1 (D.R.I. Aug. 21, 2008) (invalid on face); *Monsanto Co. v. Victory Wholesale Grocers*, 2008 WL 2066449, at *4 (subpoena facially invalid); *Insinga v. Daimler-Chrysler Corp.*, Civ. No. 306CV1305 DEP, 2008 WL 202701 (N.D.N.Y. Jan. 23, 2008) (finding a violation of Rule 45(a)(2)(C) a "relatively modest procedural defect," although one that would provide a technical basis for denying a motion to compel); *Spratt v. Leinster*, Civ. No. 06CV01526WDMM, 2007 WL 1834035 (D. Colo. June 25, 2007); *Kremen v. Cohen*, Civ. No. 98-20718 JW PVT, 2007 WL 1119396, at *1 (N. Cal. Apr. 16, 2007) (subpoenas were defective on their face "because they were not issued from the court for the district where the productions were to be made" in violation of Rule 45(a)(2)(C)); *Falicia*, 235 F.R.D. at 11 (court unable to issue a subpoena that would require a party to produce documents in another district); *James v. Booz-Allen & Hamilton, Inc.*, 206 F.R.D. 15, 19 (D.D.C. 2002) (subpoena quashed as improper); *Echostar Communications Corp. v. The News Corp., Ltd.*, 180 F.R.D. 391, 397 (D. Colo.1998) (invalid).

12. The subpoena at issue in this case was issued out of this court for production of documents in the Northern District of Illinois. Therefore, the subpoena is fundamentally defective and the subpoena must be quashed. *Falicia,* 235 F.R.D. at 11; *Echostar,* 180 F.R.D. at 396-97.

13. The subpoena is also deficient as it is not directed to a "person" as required by Rule 45(a)(1)(A)(iii). Moreover, it requires Delaware Sterling to produce its records at the offices of plaintiff's attorney in Chicago, Illinois, which is more than seven

7

hundred miles distant from where the subpoena was served and the records are located. Rule 45(c)(3)(A)(ii) requires the issuing court to quash or modify a subpoena that commands a person who is neither a party, nor a party's officer, to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. As noted, Delaware Sterling is not a party to this litigation and it is located in Delaware.

14. **Conclusion**. For the above reasons, Devito's motion to quash is **granted.** (D.I. 1.) The clerk of court is directed to send a copy of this order to: (1) the address provided by Devito; (2) David J. Fish, Esquire, The Fish Law Firm, P.C., 1770 North Park St., Suite 202, Naperville, IL 60563; (3) Thomas Edward Pryor, Jr., Esquire, Thomas E. Pryor, Jr., P.A., P. O. Box 2888, Orlando, FL 32802; (4) Eric D. Kaplan and Christopher S. Wunder, Esquires, Kaplan Papadakis & Gournis, P.C., 180 North LaSalle St., Suite 2109, Chicago, IL 60601; and (5) Records Custodian, Delaware Sterling Bank & Trust Company, 630 Churchmans Road, #204, Newark, Delaware 19702.

UNITED STATES DISTRICT JUDGE